

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 3, 1949

Hon. Robert S. Calvert                 Opinion No. V-895
Comptroller of Public Accounts
Capitol Station                        Re: Construction of H.B.
Austin, Texas                              No. 103, Acts 51st
                                           Legislature.

Dear Sir:

        Reference is made to your request for an opin-
ion, the material part of which reads as follows:

        "Section 5 of the above-mentioned bill
    prescribed the fee to be paid by the appli-
    cant to the Board and recites in part as
    follows:

        "'All fees shall be paid to the Board
    by the applicant when he files his applica-
    tion. The Board shall pay all money receiv-
    ed as fees into the State Treasury, where
    such money will be placed in a special fund
    to be known as "The Basic Science Examina-
    tion Fund." All money so received and plac-
    ed in such fund shall be used by the Board
    of Examiners in the Basic Sciences in paying
    its compensation and defraying its expenses,
    and in administering, enforcing and carrying
    out the provisions of the law. The Board
    may hire such employees as are necessary in
    carrying out the provision of the law. The
    State Treasurer shall pay out of the fund
    the compensation of and expenses incurred
    by the Board on warrants based upon the vou-
    chers signed by the President and the Secre-
    tary of the Board.'"

        "Does the above quoted language consti-
    tute an appropriation for the use and bene-
    fit of the Board for a two year period from
    the effective date of the bill, and is the
    Comptroller authorized to issue warrant
    against The Basic Science Examination Fund
    without more specific appropriation?"

House Bill No. 103, Acts Fifty-first Legislature, became effective April 28, 1949. It creates a State Board of Examiners in the Basic Sciences, consisting of six members; prescribes their powers and duties, including that of conducting examinations of applicants for a certificate of proficiency in the sciences named in Section 1 thereof; and it prescribes the issuance of such certificates to those applicants found by the Board to be entitled thereto.

Section 4 of the Act in part provides:

"Each member of the Board shall be paid Ten Dollars ($10) per day for each day actively engaged in the discharge of his duties, and the time spent in going to and returning from meetings of the Board shall be included in computing such time. In addition to this per diem, each member of the Board shall receive expenses incurred while actually engaged in the performance of the duties of the Board. The Secretary and Treasurer shall each be required to execute a bond in the sum of Ten Thousand Dollars ($10,000) for the faithful performance of his duties, payable to the State of Texas. The premium of such bonds shall be paid out of fees received. The office of the Board shall be in the State Capitol, and quarters for that office shall be assigned by the State Board of Control in the Capitol building, or some other building occupied by the State Government, where its permanent records shall be kept."

In Attorney General Opinion No. V-887, dated Aug. 17, 1949, addressed to Hon. J. E. McDonald, Commissioner of Agriculture, a copy of which is enclosed herewith, this office expressed the opinion that the language found in the last paragraph of Section 6(f) of House Bill No. 420, Acts 51st Legislature, constituted a valid appropriation of the money collected under the provisions of the Act by the Commissioner of Agriculture for the purposes stated therein for a period of two years, beginning June 23, 1949, the effective date of the Act, and ending June 22, 1951.

The provisions of Section 5 of House Bill No. 103, quoted in your request, are in no material respect different from the provisions of the last paragraph of

Hon. Robert S. Calvert, page 3   (V-895)


Section 6(f) of House Bill No. 420. Each clearly evidences the intention of the Legislature to make an appropriation of all the moneys collected under the respective Acts for a period of two years. The authorities cited in Attorney General Opinion No. V-887 are also applicable to your question.

Therefore, it is the opinion of this office that Section 5 of House Bill No. 103, Acts 51st Legislature, constitutes a valid appropriation of the fees which the State Board of Examiners in the Basic Sciences are authorized to collect under the Act, for the purposes therein stated, for a period of two years beginning April 28, 1949, and ending April 27, 1951.

### SUMMARY

House Bill No. 103, Acts 51st Legislature, made a valid appropriation of the fees collected thereunder by the State Board of Examiners in the Basic Sciences for the purposes stated therein for a period of two years, beginning April 28, 1949, and ending April 27, 1951. A.G. Opinion No. V-887, and authorities there cited.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Bruce W. Bryant
Assistant

BWB:amm:mw

APPROVED

*Price Daniel*
ATTORNEY GENERAL